# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| 24 HOUR FITNESS USA, INC., <br> a California Corporation dba <br> 24 HOUR FITNESS, <br><br> Petitioner, <br><br> vs. <br><br> CHARLES COE, <br><br> Respondent. | CV 11-138-BLG-RFC-CSO <br><br> **FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

Petitioner 24 Hour Fitness USA, Inc. ("24 Hour") seeks to compel arbitration in Montana of Respondent's claims against it under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. *Pet. to Compel Arbitration (Court Doc. 1)*. Respondent moves to dismiss 24 Hour's petition to compel arbitration because, among other reasons, attempts by Respondent to have the claims against 24 Hour arbitrated have been, and presently are, pending in the U.S. District Court for the Northern District of California. *Court Docs. 9 (motion to dismiss) and 10 (brief supporting motion to dismiss)*.

The Court has reviewed all papers that the parties filed in support of their respective positions. Having done so, and for the reasons that follow, the Court

1

recommends that 24 Hour's petition be denied and that Respondent's motion to dismiss without prejudice be granted.

I.  **BACKGROUND**

This matter's background is well-documented in the record and is well-known to the parties. *See, e.g., Court Doc. 11-8 (Beauperthuy, et al. v. 24 Hour Fitness USA, Inc., et al., 3:06-cv-00715-SC, Order Granting Plaintiffs' Mtn. To Compel Arbitration (Doc. 457 therein)) at 2-4*. The Court, therefore, will not repeat it here.

The crux of the dispute is that 24 Hour wishes to arbitrate Respondent's claims in Montana, while Respondent wishes to arbitrate the claims in the Northern District of California. 24 Hour alternatively seeks a stay of this action pending a decision in the Northern District of California respecting venue for the arbitration. The U.S. District Court for the North District of California has been presiding over aspects of this dispute since February 1, 2006, when a collective action alleging FLSA violations against 24 Hour was filed.

For purposes of this Court's discussion and the conclusion reached below, the Court notes that Respondent, on December 5, 2011, filed in the U.S. District Court for the Northern District of California a petition to compel arbitration. *Court Doc. 11-2*. Three days later, on December 8, 2011, 24 Hour filed its petition in this Court. *Court Doc. 1*. A week later, on December 15, 2011, Respondent filed in

the Northern District of California action a motion for preliminary injunction seeking to enjoin 24 Hour's prosecution of this District of Montana action. *See Court Doc. 11 at ¶ 10(x)*. On December 30, 2011, 24 Hour filed in the Northern District of California a Motion to Transfer Venue of that action to the District of Montana. There has been as yet no ruling on those motions.

## II. DISCUSSION

"[F]ederal comity ... permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citations omitted). This so-called "first to file" rule generally promotes efficiency for courts and litigants and eliminates the risk of inconsistent decisions that may result from litigation of identical claims between identical parties in different federal courts. The Ninth Circuit stated in *Pacesetter*:

> Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action. However, this "first to file" rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration. As we stated in *Church of Scientology*,
>
> > [T]he "first to file" rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly. Circumstances and modern judicial reality, however, may demand that we follow a different approach from time to time ....

*Pacesetter*, 678 F.2d at 95 (quoting *Church of Scientology of California v. United States Department of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)).

Here, it is undisputed that Respondent filed the action in the Northern District of California before 24 Hour filed this Montana action. Also, there is no doubt that the parties and issues are the same in the two cases. The Northern District of California is much more familiar with the parties' disputes than is this Court. Thus, the first- to-file rule, and interests of federal comity and sound judicial efficiency, compel the conclusion that Respondent's motion to dismiss should be granted.

The Court's conclusion is bolstered by persuasive authority from the U.S. District Court for the District of Arizona. The Arizona federal court, in two cases with circumstances nearly identical to those before this Court – *24 Hour Fitness USA, Inc. v. Lisa Gasteiger*, CV 11-2420-PHX-ROS, and *24 Hour Fitness USA, Inc. v. Tyler Gossett*, CV 11-2421-PHX-ROS – applied the first-to-file rule in dismissing the cases. The court found in both cases "no set of circumstances where the present petition to compel arbitration is necessary; either the earlier filed petition will be transferred to Arizona or the present petition will be enjoined by the Northern District of California." *See Court Doc. 11-32* (emphasis omitted). The same reasoning applies with equal force to this case.

For the same reasons, the Court declines to recommend a stay. The recommendation here for dismissal without prejudice promotes judicial efficiency while not compromising the parties' rights.

## III. **CONCLUSION**

Based on the foregoing, IT IS RECOMMENDED that 24 Hour's petition to compel arbitration (*Court Doc. 1*) be DENIED and Respondent's motion to dismiss without prejudice (*Court Doc. 9*) be GRANTED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 21st day of June, 2012.

/s/ Carolyn S. Ostby
United States Magistrate Judge